J-S48019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM M. CHESTNUT | : | |
| | : | |
| Appellant | : | No. 2943 EDA 2018 |

Appeal from the Judgment of Sentence Entered September 11, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002447-2018,
CP-51-CR-0005280-2017, CP-51-CR-0005281-2017

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.:                    Filed: October 22, 2020

Appellant, William M. Chestnut, filed notices of appeal from the

judgments of sentence entered in the Court of Common Pleas of Philadelphia

County on September 11, and September 21, 2018.[1]  In addition, Appellant's

counsel has filed a petition to withdraw his representation and a brief pursuant

to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v.**

**Santiago**, 978 A.2d 349 (Pa. 2009).  Appellant has filed a *pro se* reply.  After

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] As will be discussed *infra*, two of three motions for reconsideration of
sentence filed by Appellant were granted in part on September 21, 2018,
thereby changing the date of imposition of sentence in two of the three
underlying cases.

careful review, we grant counsel's petition to withdraw and affirm Appellant's judgments of sentence.[2]

On September 11, 2018, Appellant appeared before the Court of Common Pleas of Philadelphia County and entered open guilty pleas pursuant to Bills of Information filed at CP-51-CR-002447-2018;[3] CP-51-CR-0005280-2017;[4] and CP-51-CR-0005281-2017.[5]  On the same day the pleas were recorded, Appellant was sentenced to an aggregate term of incarceration of sixteen to forty-seven years followed by ten years of reporting probation.  N.T. (Sentencing), 9/11/18, at 49-50.

---

[2] Appellant filed with this Court on September 16, 2019, a *pro se* motion for relief entitled, "Motion to Proceed on Briefing[s] absent the Appellee's failure to File Brief by Order of the Court for No Further Extensions and/or in the Alternative Compel/Sanction the Appellee for Its Error."  We deny that motion as moot in light of our determination herein.  We note with displeasure that despite receiving two extensions of time within which to file a brief, the Commonwealth has failed to file a brief in this matter.

[3] Count one–strangulation, 18 Pa.C.S. § 2718(a)(1); count two–intimidation of a witness/victim, 18 Pa.C.S. § 4952(a)(1); count three–contempt for violation of an order or agreement, 23 Pa.C.S. § 6114(a); count four–terroristic threats, 18 Pa.C.S. § 2706(a)(1); and count six–recklessly endangering another person ("REAP"), 18 Pa.C.S. § 2705.

[4] Count one-aggravated assault, 18 Pa.C.S. § 2702(a); count two-terroristic threats, 18 Pa.C.S. § 2706(a)(1); count four-REAP, 18 Pa.C.S. § 2705; and count five-strangulation, 18 Pa.C.S. § 2718(a)(1).

[5] Count one–burglary, 18 Pa.C.S. § 3502(a)(1)(i); and count two–criminal trespass, 18 Pa.C.S. § 3503(a)(1)(ii).

Appellant filed a motion for reconsideration of sentence at all three dockets. N.T., 9/21/18, at 2. On September 21, 2018, the trial court held a hearing on the motions and granted two of the motions in part and denied them in part. Order, 9/21/18, at 1. Reconsideration was granted at CP-51-CR-0002447-2018 to run count one consecutive to count one at docket CP-51-CR-0005280-2017. Order, CP-51-CR-0002447-2018, 9/21/18, at 2. Reconsideration was granted at CP-51-CR-0005281-2017 to run count one concurrent to count one at CP-0005280-2017. Order, CP-51-CR-0005281-2017, 9/21/18, at 1. *Id.*[6] Appellant's sentence was amended accordingly by order entered September 21, 2018, and as a result, Appellant was sentenced to an aggregate term of incarceration of eleven to thirty-two years followed by ten years of reporting probation. N.T. (Sentencing), 9/21/18, at 24.

Appellant filed *pro se* notices of appeal on October 4, 2018, despite being represented by counsel at the time. Counsel was permitted to withdraw, and current counsel was appointed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we can consider the issues identified in the **Anders** brief, we must address whether we have jurisdiction to entertain the consolidated appeals. **See Commonwealth v. Borrero**, 692 A.2d 158, 159 (Pa. Super. 1997) (permitting appellate court to *sua sponte* examine its jurisdiction). As

---

[6] The motion for reconsideration at CP-51-CR-0005280-2017 was denied.

- 3 -

noted, despite being represented by counsel, Appellant filed *pro se* notices of appeal at each docket, each of which included all three docket numbers from the three judgments of sentence imposed on September 11, 2018.

On June 1, 2018, our Supreme Court in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) held:

> [I]n future cases[, Pa.R.A.P.] 341(a) will, in accordance with its Official Note, require that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal.

*Id.* at 977. The Court held that **Walker** applies prospectively to appeals filed after June 1, 2018. *Id.* at 971.

Herein, the notices of appeal were filed on October 4, 2018, several months after the **Walker** decision. We issued a Rule to Show Cause why the appeal should not be quashed pursuant to **Walker**. Appellant's current counsel filed a response and stated:

> A review of the record shows that [A]ppellant filed the notice of appeal himself and placed on it the three Bill and Term numbers on which he was sentenced even though he was represented by counsel at the time. There is no indication in the record showing that the Notice of Appeal filed *pro se* by [A]ppellant was sent to his then attorney, who recently was permitted to withdraw as counsel, in accordance with Pa.R.Crim.P. 576. Thus, it is respectfully submitted that the appeal should not be dismissed because there was a breakdown of court procedure and that [A]ppellant should be granted the right to correct the defect by filing three separate Notices of Appeal *nunc pro tunc*.

Response to Show Cause, 1/4/19, at 1. The Rule was discharged on February 26, 2019, and the matter was referred to this panel.

- 4 -

In **Commonwealth v. Johnson**, ___ A.3d ___, ___, 2020 PA Super 164, \*4 (Pa. Super. filed July 9, 2020) (*en banc*)), this Court "observe[d] that Rule 341 and **Walker** make no mention of case numbers on a notice of appeal." Specifically, the *en banc* Court opined that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." **Id.** at \*5. Thus, because Appellant filed separate notices of appeal at each docket, he has complied with **Walker**.

Furthermore, Appellant filed the notices of appeal *pro se* even though he was represented by counsel. The clerk of courts correctly docketed the notices of appeal. In **Commonwealth v. Williams**, 151 A.3d 621, 623-624 (Pa. Super. 2016), we held that when the *pro se* filing is a notice of appeal, it is to be docketed and acted upon. We reasoned that "[b]ecause a notice of appeal protects a constitutional right, it is distinguishable from other filings." **Id.** at 624. However, Pa.R.Crim.P. 576(A)(4) provides that when counseled defendants file *pro se* documents, the proper procedure is to note the filing on the docket and forward it to counsel. Where, as here, the *pro se* filing is a notice of appeal, counsel of record should be provided with a copy of the notice of appeal to enable counsel to timely correct any errors.[7]

---

[7] It appears that in two of the three underlying cases in this matter, the clerk of courts forwarded the notices of appeal to Appellant's counsel.

Thus, Appellant's notices of appeal were timely filed despite the fact that he filed them *pro se* while being represented by counsel. **Williams**, 151 A.3d at 624. Moreover, any failure by the clerk of courts to forward a copy of Appellant's *pro se* notices of appeal to counsel of record should be deemed a breakdown in the system. **See Commonwealth v. Rodriguez**, 174 A.3d 1130, 1139 (Pa. Super. 2017) (finding clerk of court's denial of post-sentence motion that contravened court's extension to be a breakdown in the system); **see also Commonwealth v. Perry**, 820 A.2d 734, 735 (Pa. Super. 2003) (clerk of court's failure to follow the criminal rules constitutes a breakdown in the court process). Accordingly, we decline to quash the appeal on this basis.[8]

Additionally, before we address questions raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

---

[8] We also note that Appellant's *pro se* notices of appeal indicate that he is appealing from the September 11, 2018 judgments of sentence. As noted, at dockets CP-51-CR-0002447-2018 and CP-51-CR-0005281-2017, the motions for reconsideration were granted in part, and the amended sentences in those cases were imposed on September 21, 2018. Accordingly, the notices of appeal in those two cases properly lie from the September 21, 2018 amended sentences. Appellant's motion for reconsideration at trial court docket CP-51-CR-0005280-2017, was denied on September 21, 2018. Such error, however, does not constitute a basis to quash the appeal because as discussed above, Appellant filed the notice *pro se* despite being counseled, and the notice of appeal was timely as to all judgments of sentence.

- 6 -

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* (internal citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a conscientious review of the record and concluded that the present appeal is wholly frivolous. Counsel asserts that he sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that he could represent himself or retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel's brief is compliant with *Santiago*. It sets forth the procedural history of this case, outlines pertinent case authority, cites to the record, and refers to issues of arguable merit. *Anders* Brief at 7-14. Further, the brief

- 7 -

sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. **Id.** at 8, 10, 12-13. Satisfied that counsel has met the technical requirements of **Anders** and **Santiago**, we proceed with our independent review of the record and address the issues presented on Appellant's behalf.

Appellant presents the following issues in his **Anders** Brief:

1. The trial court committed an abuse of discretion by imposing the aggregate sentence it did on Appellant because it is excessive and the court failed to consider mitigating circumstances.

2. Appellant entered his guilty plea unknowingly, unintelligently, and involuntarily because he entered it only because counsel stated that if Appellant entered a guilty plea, the trial court would impose a mitigated sentence.

**Anders** Brief at 11, 12.

Appellant's first issue challenges the discretionary aspects of his sentence.[9] We note that "[t]he right to appellate review of the discretionary

---

[9] This Court has explained the following in considering an appeal challenging the discretionary aspect of sentence where the appellant has entered a guilty plea:

Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed. However, where a defendant pleads guilty without any agreement as to sentence, (*i.e.* an open plea), the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing.

aspects of a sentence is not absolute." **Commonwealth v. Zirkle**, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. **Commonwealth v. W.H.M.**, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citing **Commonwealth v. Evans**, 901 A.2d 528 (Pa. Super. 2006)):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** [Pa.R.A.P.] 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of sentence is a question to be evaluated on a case-by-case basis. **Commonwealth v. Kenner**, 784 A.2d 808, 811 (Pa. Super. 2001).

---

**Commonwealth v. Heaster**, 171 A.3d 268, 271 (Pa. Super. 2017) (internal citations omitted). Because Appellant in the case *sub judice* entered open pleas, he has not waived his claim challenging the discretionary aspects of sentencing.

Here, Appellant has met the first criterion by filing a timely appeal. However, he has not preserved the issue of imposition of an excessive sentence in a post-sentence motion as to dockets CP-51-CR-0005281-2017 or CP-51-CR-0002447-2018. As noted, Appellant's motion for reconsideration was granted in part, and he was resentenced on September 21, 2018, in those two cases. Appellant did not file a motion for reconsideration from the September 21, 2018 amended sentences. Thus, Appellant's challenge to the discretionary aspect of sentencing at those docket numbers was not preserved. Accordingly, this claim as to those two cases is waived. *See Commonwealth v. Hartz*, 532 A.2d 1139, 1140 (Pa. Super. 1987) ("Since appellant's initial sentence was vacated and no motion to reconsider appellant's current sentence was filed, this issue is waived.").

To the extent Appellant's challenge to the discretionary aspect of his sentence is preserved at CP-51-CR-0005280-2017 because it was raised in his motion for reconsideration of the September 11, 2018 sentence that remained unchanged,[10] we conclude that Appellant is entitled to no relief. Counsel asserts that Appellant has an arguable claim of merit because Appellant's sentence is excessive, and the trial court failed to consider mitigating circumstances in imposing the sentence.

---

[10] As noted, the motion for reconsideration filed at CP-51-CR-0005280-2017 was denied.

We first note that Appellant raises a substantial question about the appropriateness of his sentence because he claims that his sentence is excessive and that the trial court failed to consider mitigating circumstances in imposing his sentence. **See Commonwealth v. Caldwell**, 117 A.3d 763, 770 (Pa. Super. 2015) ("This Court has . . . . held that an excessive sentence claim- in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question."). Because Appellant has presented a substantial question, we proceed with our analysis.

The sentencing court placed its reasons for Appellant's sentence at this trial court docket number on the record and considered all relevant factors. N.T. (Sentencing), 9/11/18, at 42-50. Furthermore, the sentencing court had the benefit of a presentence investigation report ("PSI"). **Moury**, 992 A.2d at 171 (when the "sentencing court had the benefit of a [PSI], we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors'"). Thus, Appellant is entitled to no relief on this claim.[11]

---

[11] We also note that the **Anders** brief does not include a Pa.R.A.P. 2119(f) statement. Although counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his **Anders** brief, "[w]here counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." **Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). Furthermore, as noted, the Commonwealth failed to file a brief in this matter and thereby failed to object to Appellant's failure to

Counsel next presents a claim that Appellant's guilty plea was unknowingly, unintelligently, and involuntarily entered. **Anders** Brief at 12.

> Pennsylvania law makes clear that by entering a plea of guilty, a defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea. **Commonwealth v. Pantalion**, 957 A.2d 1267, 1271 (Pa. Super. 2008). In order to preserve an issue related to a guilty plea, an appellant must either "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." **Commonwealth v. D'Collanfield**, 805 A.2d 1244, 1246 (Pa. Super. 2002). **See** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i); **see also** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

**Commonwealth v. Monjaras-Amaya**, 163 A.3d 466, 468-469 (Pa. Super. 2017). "The purpose of this waiver rule is to allow the trial court to correct its error at the first opportunity, and, in so doing, further judicial efficiency. It is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Id.** at 469 (internal quotations omitted).

In the case *sub judice*, Appellant did not challenge the voluntariness of his guilty plea at the sentencing hearing on September 11, 2018, at the

---

include a Pa.R.A.P. 2119(f) statement. **Cf. Commonwealth v. Griffin**, 149 A.3d 349, 353-354 (Pa. Super. 2016) ("If the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review."). Thus, we are not precluded from reviewing this claim on this basis.

September 21, 2018 hearing on the motions for reconsideration, or through a subsequent post-sentence motion.[12]  As such, Appellant has waived this claim.

Assuming, *arguendo,* that this claim had been preserved, we would conclude that the evidence of record establishes that Appellant's guilty plea was not entered involuntarily, unknowingly or unwillingly.  This Court has explained:

> In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences.  This determination is to be made by examining the totality of the circumstances surrounding the entry of the plea.  Thus, even though there is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.

***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011).

Moreover,

> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies.  A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

---

[12] We note that the record for CP-51-CR-0005280-2017 does not include the motion for reconsideration.  The record does include, however, the September 21, 2018 order denying the motion for reconsideration.  Further, the notes of testimony from the September 21, 2018 hearing on the motions for reconsideration reflect that the motion was filed in all three cases.  The notes of testimony further reveal that the sole issue raised in those post-sentence motions was the challenge to the allegedly excessive nature of the sentence.

*Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003) (internal citations omitted).

Here, during the guilty-plea colloquy, the trial court advised Appellant of all charges on the three open cases against him. N.T. (Guilty Plea), 9/11/17, at 9-14. Appellant understood the court's explanation about what the Commonwealth would have to prove if he went to trial and the maximum penalties that could be imposed. *Id.* After Appellant decided to plead guilty, the court again explained the specific charges to which he was pleading. *Id.* at 20-23. Appellant testified that he had a general education diploma, and was able to read, write, and understand the English language. *Id.* at 8. Appellant further asserted that he was not under the influence of drugs or alcohol, was not taking any medications, and had not been diagnosed with any mental health difficulties. *Id.* at 8-9. Appellant confirmed that he was satisfied with the representation provided by his counsel. *Id.* at 18-19. Appellant stated that he understood his right to trial and other rights he was giving up. *Id.* at 24-25. He maintained that no threats or promises were made to induce him to plead guilty. *Id.* at 23-24. The facts as related to the three docket numbers were read to Appellant on the record, and Appellant asserted that he was pleading guilty to those facts. *Id.* at 28-32. Appellant stated that he was pleading guilty because he was guilty. *Id.* at 24. Additionally, Appellant signed written guilty-plea-colloquy forms at each docket, in which he represented that he was pleading guilty knowingly,

voluntarily, and intelligently. *Id.* at 19-20; Guilty Plea Forms, 9/11/17, at 1-4. Therefore, based on our review of the record, we conclude that Appellant's challenge to his guilty plea, if one had been preserved, would lack merit. *Pollard*, 832 A.2d at 523.

We also have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1198-1199 (Pa. Super. 2018) (*en banc*). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw and affirm the judgment of sentence.

Appellant's *pro se* Motion for Relief denied as moot. Petition of counsel to withdraw granted. Judgments of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/22/20

- 15 -